UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDMUND COPPA,<br><br>            Plaintiff,<br><br>     - against -<br><br>KICKSONFIRE.COM LLC<br><br>            Defendant. | Docket No. 1:18-cv-4166<br><br>JURY TRIAL DEMANDED |

# COMPLAINT

Plaintiff Edmund Coppa ("Coppa" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Kicksonfire.com LLC ("Kicks" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of five copyrighted photographs of a New York Liberty basketball player Epiphanny Prince's shoe collection, owned and registered by Coppa, a New York based professional photographer. Accordingly, Coppa seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      This Court has personal jurisdiction over Defendant because Defendant resides and/or transacts business in New York.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.      Coppa is a professional photographer in the business of licensing his photographs to online and print media for a fee having a usual place of business at 36 W. Harrison Avenue, Babylon, New York 11702.

6.      Upon information and belief, Kicks is a domestic limited liability duly organized and existing under the laws of the State of New York, with a place of business at 1568 Bergen Street, Brooklyn, New York 11213. Upon information and belief, Kicks is registered with the New York State Department of Corporations to do business in New York. At all times material, hereto, Kicks has owned and operated a website at the URL: www.Kicksonfire.com (the "Website").

## STATEMENT OF FACTS

**A.      Background and Plaintiff's Ownership of the Photographs**

7.      Coppa photographed Epiphanny Prince's shoe collection (the "Photographs"). A true and correct copy of the Photographs is attached hereto as Exhibit A.

8.      Coppa then licensed the Photographs to the New York Post. On July 20, 2015, the New York Post ran an article that featured the Photographs entitled *Epiphanny Prince has a lot of sneakers*. See https://nypost.com/2015/07/20/epiphanny-prince-has-a-lot-of-sneakers/. Coppa's name was featured in a gutter credit identifying him as the photographer of the Photographs. A true and correct copy of the article is attached hereto as Exhibit B.

9. Coppa is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

10. The Photographs are registered with the United States Copyright Office and were given registration number VA 2-110-508.

### B. Defendant's Infringing Activities

11. Kicks ran an article on the Website entitled *Epiphany Prince Of The New York Liberty Gives Us A Glimpse Of Her Impressive Sneaker Collection*. The article prominently featured the Photographs. See https://www.kicksonfire.com/epiphany-prince-of-the-new-york-liberty-gives-us-a-glimpse-of-her-impressive-sneaker-collection/#. A screen shot of the article with the Photographs are attached hereto as Exhibit C.

12. Kicks did not license the Photographs from Plaintiff for its Website, nor did Kicks have Plaintiff's permission or consent to publish the Photographs on its Website.

## FIRST CLAIM FOR RELIEF
## (COPYRIGHT INFRINGEMENT AGAINST KICKS)
## (17 U.S.C. §§ 106, 501)

13. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14. Kicks infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs on the Website. Kicks is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

15. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16. Upon information and belief, the foregoing acts of infringement by Kicks have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST KICKS
## (17 U.S.C. § 1202)

18. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-17 above.

19. Upon information and belief, Kicks copied the Photographs from the New York Post which had a gutter credit stating "Edmund Coppa" underneath the Photographs and intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photographs.

20. The conduct of Kicks violates 17 U.S.C. § 1202(b).

21. Upon information and belief, Kicks falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

22. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Kicks intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photographs. Kicks also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photographs.

23. As a result of the wrongful conduct of Kicks as alleged herein, Plaintiff is entitled to recover from Kicks the damages, that she sustained and will sustain, and any gains, profits and advantages obtained by Kicks because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

24. Alternatively, Plaintiff may elect to recover from Kicks statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Kicks be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Kicks be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. Plaintiff be awarded a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management.

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203(b);

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
July 22, 2018

                        LIEBOWITZ LAW FIRM, PLLC

                        By: /s/Richard Liebowitz
                            Richard P. Liebowitz
                        11 Sunrise Plaza, Suite 305
                        Valley Stream, New York
                        Tel: 516-233-1660
                        RL@LiebowitzLawFirm.com

                        *Attorneys for Plaintiff Edmund Coppa*